# **EXHIBIT A**



# Office of the Minnesota Secretary of State

## Service of Process Acknowledgment

| | |
|---|---|
| Plaintiff: | Susan TallBear |
| Defendant: | Soldi Inc |
| File Number: | 1104473000038 |
| Statute: | 302A.901 |
| Date Filed: | 09/25/2019 |
| Date Mailed: | 9/26/19 |

Certified Mail Number: 70100290000019618354

**NOTICE TO ALL PERSONS ATTEMPTING SERVICE THROUGH THE OFFICE OF THE MINNESOTA SECRETARY OF STATE**

The Office of the Secretary of State does not determine or attempt to determine if your service of process is valid. It is your responsibility to determine which statute, if any, authorizes the service you are making through this office. Substituted service of process through the Office of the Secretary of State does not guarantee that the service will be sufficient and permit a court to obtain or accept jurisdiction over the business entity against whom service is made.

## Selected Statutes Authorizing Substituted Service of Process

| | |
|---|---|
| 5.25 | General Service of Process |
| 60A.19 and 60A.21 | Foreign Insurance Companies |
| 72A.43 | Service upon Unauthorized Company by Commissioner |
| 141.25 | Non Resident Private Trade Schools |
| 221.67 | Foreign motor carrier in interstate commerce |
| 240.07 and 240.08 | Pari-Mutuel Horsing Racing |
| 302A.901 | Minnesota Corporations |
| 303.13 | Non-Minnesota Corporations |
| 303.25 | Foreign Trust Association |
| 317A.901 | Minnesota Nonprofit Corporations |
| 321.0117 | Limited Partnerships and Foreign Limited Partnerships |
| 322C.0116 | Minnesota and Non-Minnesota Limited Liability Companies |
| 325F.70 | Consumer Fraud |
| 330.11 | Auctioneers |
| 540.152, 541.153 and 541.154 | Unions, groups and other associations |
| 548.181 | Discharge of Judgments |
| 559.21 | Notice of Cancellation of Contract for Deed |
| 543.08 | Other Corporations |

STATE OF MINNESOTA                                      DISTRICT COURT

COUNTY OF RAMSEY                                        SECOND JUDICIAL DISTRICT

---

Susan TallBear,                                         Case Type: Employment
                                                        Court File No.: _____
          Plaintiff,                   Judge _____

v.
                                    **SUMMONS**

Soldi Inc., Z&H Hospitality L.L.C., and
Antonio Tettamanzi,

          Defendants.

---

THIS SUMMONS IS DIRECTED TO DEFENDANT Z&H HOSPITALITY L.L.C. AT: 3717 WEST 50TH STREET, MINNEAPOLIS, MN 55410.

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this Summons a **written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

   HALUNEN LAW
   1650 IDS Center
   80 South Eighth Street
   Minneapolis, MN  55402

3. **YOU MUST RESPOND TO EACH CLAIM**. The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: September 20, 2019

HALUNEN LAW

Amy E. Boyle, #392635
Colin J. Pasterski, #398493
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099
boyle@halunenlaw.com
pasterski@halunenlaw.com

*ATTORNEYS FOR PLAINTIFF*

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

| | |
|---|---|
| Susan TallBear, | Case Type: Employment |
|  | Court File No.: _____ |
| Plaintiff, | Judge _____ |
| v. |  |
| Soldi Inc., Z&H Hospitality L.L.C., and Antonio Tettamanzi, | **AMENDED COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiff Susan TallBear, for her Complaint against Defendants Soldi Inc and Z&H Hospitality L.L.C., and Antonio Tettamanzi states and alleges as follows:

## PARTIES

1. Plaintiff Susan TallBear ("Plaintiff" or "TallBear") is a Native American adult resident of St. Paul, Ramsey County, Minnesota.

2. Defendant Soldi Inc, ("Soldi") is a Minnesota corporation with a principal place of business at 452 Selby Ave, St. Paul, Ramsey County, Minnesota.

3. Defendant Antonio Tettamanzi ("Tettamanzi") is the Chief Executive Officer of Soldi Inc. Tettamanzi resides at 12460 Keystone Island, Miami, Florida 33181.

4. Soldi owned and operated La Grolla, a restaurant located at 452 Selby Ave, St. Paul, Ramsey County, Minnesota.

5. Defendant Z&H Hospitality L.L.C. ("Z&H") is a Minnesota limited liability company with a principal place of business at 3717 West 50th Street, Minneapolis, Hennepin County, Minnesota.

6.   Upon information and belief, in or around April of 2019, Z&H purchased La Grolla from Soldi. However, TallBear is not aware of the specific date or terms of the supposed sale.

7.   Soldi, Tettamanzi, and Z&H are hereinafter collectively referred to as "Defendants."

8.   At all times relevant hereto, TallBear was an employee at La Grolla within the meaning of the Minnesota Whistleblower Act ("MWA"), Minn. Stat. § 181.931 subdivs. 2 and 3; the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.03, subdivs. 15 and 16.

9.   At all times relevant hereto, La Grolla was an asset and TallBear was a creditor with a claim within the meaning of the Minnesota Uniform Voidable Transactions Act, Minn. Stat. § 513.41(2), (3), and (4).

## JURISDICTION AND VENUE

10.   This is an action brought to remedy discrimination and retaliation in violation of the MHRA and MWA. This action also seeks to void the fraudulent transfer of La Grolla from Soldi to Z&H.

11.   TallBear invokes the jurisdiction of this Court because the violations of laws described herein occurred in the State of Minnesota and involve Minnesota law.

12.   Venue is appropriate in this Court pursuant to Minn. Stat. § 542.09, because Soldi and Z&H have places of business in Ramsey County and the cause of action or some part thereof arose in Ramsey County.

## FACTS

A. TALLBEAR'S EMPLOYMENT WITH LA GROLLA

13.   Since 2003, TallBear has worked for La Grolla as a server on three separate occasions, with each instance spanning more than a year.

2

14. During the most recent span of employment, TallBear was the only person of color who worked as a server at La Grolla.

15. At La Grolla, TallBear received bi-weekly paychecks for workweeks starting on a Monday and ending on a Sunday.

16. TallBear also occasionally worked at another restaurant owned by Tettamanzi through Top Restuarants, LLC, 1.2.3. Pasta, located in Inver Grove Heights, Minnesota.

17. During her most recent term of employment, TallBear earned $9.65 per hour, in addition to tips, and routinely worked between 40 to 45 hours per week.

18. However, when TallBear worked more than 40 hours per week she did not receive overtime wages at 1.5 times her regular rate of pay. Instead, La Grolla only paid TallBear her base hourly rate for all hours worked over 40 hours a week in violation of the Fair Labor Standard Act's ("FLSA") overtime requirement. *See* 29 U.S.C. § 207.

19. For example, on August 10, 2018, TallBear was issued a paycheck for a two-week pay period during which she worked 84.1 hours from July 16, 2018 to July 29, 2018. Despite working over 40 hours in a workweek, La Grolla failed to pay TallBear of overtime.

20. On August 10, 2018, Cheri Harthaus ("Harthaus"), La Grolla's bookkeeper, handed TallBear her paycheck. After learning that she was not paid for overtime, TallBear informed Harthaus that the paycheck omitted her overtime wages.

21. Also during this discussion, TallBear explained to Harthaus that La Grolla's payroll practices were unfair and unlawful. In response, Harthaus said, she would talk to Tettamanzi.

22. Upon information and belief, Harthaus did tell Tettamanzi that TallBear had reported that La Grolla's payroll practices were unfair and unlawful.

23. Despite her report, TallBear never received the overtime wages she earned.

24. On August 24, 2018, La Grolla issued TallBear a paycheck for the two-week pay period ending on August 12, 2018. The paycheck represents that TallBear worked exactly 80 hours for which she was paid her hourly rate of $9.65 an hour. However, TallBear's employee clock-out slip for August 11, 2018 shows that TallBear worked 44 hours and 43 minutes for the workweek ending August 12, 2018, demonstrating that TallBear was not paid overtime for at least 4 hours and 43 minutes worked.

25. La Grolla deliberately failed to pay TallBear for all hours worked in order to avoid paying overtime.

26. On August 26, 2018, TallBear covered a shift for another employee who could not work.

27. After completing her shift, Lisa Van Horn ("Van Horn"), La Grolla's service manager, told TallBear that Tettamanzi will not be paying her for overtime even if she worked more than 40 hours for the week.

28. Van Horn also told TallBear that Tettamanzi threatened that any overtime TallBear took would come out of Van Horn's pocket.

29. On September 7, 2018, La Grolla issued a paycheck to TallBear for the two-week pay period ending on August 26, 2018. The paycheck represented that she worked 70.54 hours for which TallBear was paid her base hourly rate of $9.65 an hour.

30. However, TallBear's employee clock-out slip for August 26, 2018 shows that she worked 44 hours and 54 minutes for the workweek ending August 26, 2018, demonstrating that once again TallBear was not paid the overtime wages she was owed.

## B. TALLBEAR'S REPORT AND LA GROLLA'S SUBSEQUENT DISCRIMINATORY AND RETALIATORY TREATMENT

31. Soon after TallBear's first report of FLSA violations, Tettamanzi began retaliating against her through disparate treatment, including cutting her shifts and harassing her in front of customers and other employees.

32. The disparate treatment leading up to her eventual termination includes, but is not limited to:

- On August 22, 2018, while TallBear was attempting to fix the stereo system that had been disconnected, Tettamanzi aggressively approached TallBear and exclaimed in the presence of customers seated at the bar, "Get away and don't fucking talk to me!"

- Also on August 22, 2018, Tettamanzi approached two customers seated at the bar who were regulars at the restaurant while TallBear was standing at the computer terminal nearby, and asked "How did Susan do?" further commenting, "She can be trouble" and that, "You know, she's our Indian? I tell her that if she doesn't behave I will cut her hair off." TallBear was humiliated, frightened, and appalled by this comment.

- On August 23, 2018, a co-worker's daughter came into the restaurant, to which Tettamanzi announced, "Susan your daughter is here!" When someone responded that it was Christine's daughter, Tettamanzi retorted, "Oh, that's why she's so beautiful! She's Christine's daughter! Susan, where did your daughter get her looks? Must be from her father!" Again, TallBear felt humiliated, this time in front of her coworkers.

- On September 27, 2018, TallBear was one of four servers scheduled to work an evening shift. Between the other servers and Van Horn, it was agreed that another server—Ally would be the first one cut and TallBear would stay on. However, when Tettamanzi learned TallBear was still working he made Ally report back to work so that TallBear could be sent home. This was extremely unfair to TallBear who needed her regular hours to make her rent payments on time and caused her significant financial hardship and emotional distress.

- On September 28, 2018, TallBear was scheduled as the on-call person for the evening shift. Again, TallBear had agreed to cover for another server, John, at his request. However, when Tettamanzi learned of this agreement, he refused to let TallBear work and required John to work his shift as scheduled.

5

33. On September 29, 2018, the restaurant was very busy and TallBear was doing her best to manage her tables to get through the lunch rush. Tettamanzi arrived at around 1:30 p.m. and immediately began micromanaging TallBear to the point where TallBear felt she had to ignore him to focus on attending to her tables.

34. As soon as TallBear had a moment to spare, she found Tettamanzi in the Chef's Room where he was standing with his son, Marco, and a new chef that had just been hired. At the sight of TallBear, Tettamanzi immediately became hostile, shaking his finger in TallBear's face and yelling at her.

35. TallBear left the scene and returned to her tables which were still seated with guests.

36. After collecting herself, TallBear then returned to the Chef's Room to again find Tettamanzi where she confronted him about his discriminatory conduct towards her, including the disparate treatment, refusing to pay her overtime, cutting her shifts, and creating a hostile work environment.

37. At that time, the two began shouting during which Tettamanzi fired TallBear, telling her to clock out and get out.

38. TallBear returned to the dining room and explained to her concerned patrons that she has been fired because she had asked to be paid overtime.

39. TallBear's explanation of these events has been corroborated by patrons who were dining at the restaurant at the time:



**Becky C.**
Mendota Heights, MN
58 friends
1 review

⭐⭐⭐⭐⭐ 9/29/2018

While the waitress (Susan) was incredible and the food delicious, the management is awful, discriminatory, does not pay staff wages or overtime - and this is from knowledge from multiple staff persons. Do not support this restaurant if you believe in equal rights and ethical business management.

2 people voted for this review

| Useful 2 | Funny | Cool |

40. In October of 2018, less than a month after Tettamanzi terminated TallBear, TallBear received a message from Van Horn (acting on behalf of Tettamanzi), offering her a job to work full time at Tettamanzi's new restaurant, 1, 2, 3, Pasta.

41. On November 14, 2018, TallBear's counsel sent a letter placing both Tettamanzi and Soldi on notice of various violations of law, including discrimination, retaliation, and failure to pay wages.

42. By December 12, 2018 Soldi retained counsel with respect to TallBear's claims.

43. In February of 2019, Soldi and TallBear agreed to mediate the matter and scheduled the mediation for April 25, 2019. Soldi's counsel could not mediate the matter until end of March due to alleged calendar conflicts.

44. At the end of March 2019, TallBear's former co-workers told her Soldi had sold La Grolla to Z&H.

45. Neither Soldi nor counsel for Soldi ever disclosed to TallBear of a potential sale or sale of La Grolla. In fact, Soldi concealed the sale of La Grolla from TallBear.

46. Upon information and belief, Soldi did not inform Z&H of TallBear's claims against Soldi.

7

47. Upon information and belief, Soldi sold La Grolla to Z&H with the intent to hinder, delay, or defraud any attempt by TallBear to collect on her claims for discrimination, retaliation, and failure to pay wages.

48. Upon information and belief, although La Grolla is owned by Z&H, the building La Grolla occupies is still owned by Tettamanzi and, thus, Tettamanzi retains possession and control of the property.[1]

49. Upon information and belief, Soldi transferred substantially all of its assets to Z&H.

## COUNT I

### RETALIATION IN VIOLATION OF THE
### MINNESOTA WHISTLEBLOWER ACT (AGAINST SOLDI AND Z&H DEFENDANTS)

TallBear re-alleges paragraphs 1 through 47 of this Complaint as if fully re-written herein.

50. Soldi and/or Z&H, through their managers and officials acting on their behalf and within the scope of their employment, engaged in unlawful employment practices involving TallBear in violation of the MWA, Minn. Stat. § 181.931 *et seq*. These practices include, but are not limited to, taking adverse action against TallBear which materially affected the terms, conditions, and privileges of her employment, and ultimately terminating TallBear, because she reported facts constituting failure to pay overtime wages in violation of the FLSA. 29 U.S.C. § 207.

51. Soldi and/or Z&H failed to take all reasonable steps to prevent retaliation based upon TallBear's reports from occurring.

52. TallBear's reports of FLSA violations were motivating factors in her adverse treatment and termination.

---

[1] La Grolla's real estate property is owned by Maria Enterprises LLC, an inactive limited liability company managed by Tettamanzi.

53. Soldi and/or Z&H's retaliatory conduct has deprived TallBear of equal employment opportunities and otherwise adversely affected her status as an employee.

54. The unlawful employment practices complained of above were intentional and were performed by Soldi and/or Z&H with malice or reckless indifference to the MWA, which protects TallBear.

55. As a direct and proximate result of Soldi and/or Z&H's illegal conduct, TallBear has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred attorneys' fees and expenses and other serious damages.

## COUNT II

### FAILURE TO PAY WAGES IN VIOLATION OF
### MINN. STAT. § 181.01, *ET SEQ.* (AGAINST SOLDI AND Z&H DEFENDANTS)

56. TallBear re-alleges paragraphs 1 through 47 of this Complaint as if fully re-written herein.

57. Soldi and/or Z&H, through their managers and officials acting on behalf of Soldi and/or Z&H and within the scope of their employment, engaged in unlawful employment practices involving TallBear in violation of the Minnesota Payment of Wages Act, Minn. Stat. § 181.01, *et seq.* More specifically, and without limitation, Soldi and/or Z&H failed to pay TallBear all wages and other compensation due immediately upon the end of her employment – including overtime wages she earned.

58. TallBear demanded payment for all unpaid wages and other compensation due in writing.

59. Soldi and/or Z&H refused to pay these wages to TallBear and is therefore in default.

60. Due to Soldi and/or Z&H's default, TallBear seeks the maximum penalty applicable under Minn. Stat. § 181.13.

## COUNT III

### RACE DISCRIMINATION IN VIOLATION OF
### MINN. STAT. § 363A.01, *ET SEQ*. (AGAINST SOLDI AND Z&H DEFENDANTS)

TallBear re-alleges paragraphs 1 through 47 of this Complaint as if fully re-written herein.

61. Soldi and/or Z&H, through their managers and officials acting on its behalf and within the scope of their employment, engaged in unlawful employment practices involving TallBear in violation of the MHRA, Minn. Stat. § 363A.01, *et seq*. These practices include, but are not limited to, taking adverse action against TallBear which materially affected the terms, conditions, and privileges of her employment, and ultimately terminating TallBear, because of her race.

62. Soldi and/or Z&H failed to take all reasonable steps to prevent discrimination based upon TallBear's race from occurring.

63. TallBear's race was a motivating factor in her adverse treatment and termination.

64. Soldi and/or Z&H's discriminatory conduct has deprived TallBear of equal employment opportunities and otherwise adversely affected her status as an employee.

65. The unlawful employment practices complained above were intentional and were performed by Soldi and/or Z&H with malice or reckless indifference to the MHRA, which protects TallBear.

66. As a direct and proximate result of Soldi and/or Z&H's illegal conduct, TallBear has suffered and continues to suffer emotional distress; humiliation; embarrassment; loss of reputation; loss of enjoyment of life; lost wages and benefits; other serious damages; and incurred attorneys' fees, costs, and expenses.

## COUNT IV

**REPRISAL IN VIOLATION OF THE MINN. STAT. § 363A.15 (AGAINST ALL DEFENDANTS**

TallBear re-alleges paragraphs 1 through 47 of this Complaint as if fully re-written herein.

67. The MHRA provides that it is an "unfair discriminatory practice for any individual ... to intentionally engage in any reprisal against any person because that person ... (1) opposed a practice forbidden under this chapter or has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." Minn. Stat. § 363A.15.

68. TallBear reported to Defendants that she was being discriminated against because, *inter alia*, of her race.

69. TallBear's report of discrimination was a motivating factor in her termination.

70. By the conduct as laid out above, Defendants engaged in reprisal in violation of Minn. Stat. § 363A.15.

71. As a direct and proximate result of Defendants' conduct, TallBear has suffered and continues to suffer emotional distress; humiliation; embarrassment; loss of reputation; loss of enjoyment of life; lost wages and benefits; other serious damages; and incurred attorneys' fees, costs, and expenses.

## COUNT V

**VIOLATION OF THE MINNESOTA UNIFORM VOIDABLE TRANSACTIONS ACT, MINN. STAT. § 513.41, ET SEQ. (AGAINST ALL DEFENDANTS)**

TallBear re-alleges paragraphs 1 through 47 of this Complaint as if fully re-written herein.

72. TallBear is a creditor of Soldi, and Soldi is a debtor of TallBear, within the meaning of the Uniform Voidable Transactions Act, Minn. Stat. §§ 513.41 to 513.51.

73. Upon information and belief, Soldi transferred substantially all of its assets (*i.e.*, La Grolla) to Z&H with actual intent to hinder, delay, or defraud TallBear as a creditor of Soldi.

74. Upon information and belief, Soldi did not disclose and concealed the sale of La Grolla to Z&H from TallBear with actual intent to hinder, delay or defraud TallBear as a creditor of Soldi.

75. Before Soldi's transfer of La Grolla to Z&H was made, TallBear threatened a lawsuit.

76. The sale of Soldi's assets (*i.e.*, La Grolla) to Z&H constitutes a transfer intended to be made with actual intent on the part of Soldi to hinder, delay, or defraud TallBear in her status as a creditor of Soldi in violation of Minn. Stat. § 513.44.

77. As a result of the foregoing, the transfer constitutes a fraudulent conveyance under the Minnesota Uniform Voidable Transactions Act, Minn. Stat. § 513.41, et seq. and Soldi is financially liable to TallBear in an amount in excess of $75,000.00, plus interest, costs, disbursements, and attorney's fees incurred in the connection with this lawsuit. TallBear is also entitled to relief including a judgment voiding the Soldi's transfer of La Grolla to Z&H, an attachment against La Grolla or other property of Z&H, an injunction against further disposition by Soldi or Z&H of La Grolla or other property, and any other relief the circumstances require.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

a. That the practices of Defendants complained of above be adjudged, decreed and declared to be in violation of the rights secured to TallBear by state law.

b.   That Defendants be required to make TallBear whole for their adverse, discriminatory, retaliatory, and unlawful actions through restitution in the form of back pay, with interest of an appropriate inflation factor.

c.   That TallBear be awarded front pay and the monetary value of any employment benefits she would have been entitled to as an employee of Soldi and Z&H.

d.   That a permanent prohibitory injunction be issued prohibiting Defendants from engaging in the practices complained of in this Complaint.

e.   That TallBear be awarded compensatory damages in an amount to be determined at trial.

f.   That TallBear be awarded liquidated and/or treble damages where permitted by statute.

g.   That the Court award TallBear her reasonable attorneys' fees, costs and disbursements where permitted by statute.

h.   That the Court declare the transaction between Soldi and Z&H regarding the sale of La Grolla as void.

i.   That the Court grant attachment in favor of Plaintiff of all of Soldi's nonexempt property, plus allowable fees, costs, and expenses.

j.   That the Court grant such other and further relief as it deems fair and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS WHERE A JURY IS AVAILABLE.**

Dated: September 20, 2019

HALUNEN LAW

Amy E. Boyle, #392635
Colin J. Pasterski, #398493
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099
boyle@halunenlaw.com
pasterski@halunenlaw.com

*ATTORNEYS FOR PLAINTIFF*