# **EXHIBIT B**

**STATE OF MINNESOTA**                          **DISTRICT COURT**

**COUNTY OF RAMSEY**                     **SECOND JUDICIAL DISTRICT**

CASE TYPE:  EMPLOYMENT

---

SUSAN TALLBEAR,                           Case No: _____

               Plaintiff,

v.                                        **DEFENDANT SOLDI INC.'S
SEPARATE ANSWER TO PLAINTIFF'S
AMENDED COMPLAINT**

SOLDI INC., Z&H HOSPITALITY L.L.C.,
AND ANTONIO TETTAMANZI,

               Defendants.

---

Defendant Soldi Inc. ("Soldi" or "Defendant"), for its timely Separate Answer to Plaintiff's Amended Complaint, denies each and every thing, fact, matter, and allegation set forth therein except as herein qualified, admitted, or otherwise explained, and further responds as follows:

### PARTIES

1.     Defendant denies the allegations in paragraph 1 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

2.     Defendant admits only that it is a Minnesota corporation and denies the remaining allegations in paragraph 2 of the Amended Complaint.

3.     No response to the allegation in paragraph 3 of the Amended Complaint is required of this Defendant. Upon information and belief, Defendant Antonio Tettamanzi has not been served with legal process.

4.     Defendant admits the allegations in paragraph 4 of the Amended Complaint.

5.      No response to the allegation in paragraph 5 of the Amended Complaint is required of this Defendant.

6.      Defendant admits that an unrelated business entity acquired certain assets of Soldi Inc. in 2019 in a bona fide, arms-length transaction.

7.      No response to the superfluous allegation in paragraph 7 of the Amended Complaint is required.

8.      Defendant admits the allegations in paragraph 8 of the Amended Complaint.

9.      Defendant denies the allegations in paragraph 9 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

## JURISDICTION AND VENUE

10.      Paragraph 10 of the Amended Complaint is not a jurisdictional allegation and requires no response.

11.      No response is required to the allegation in paragraph 11 of the Amended Complaint.

12.      In response to the allegations in paragraph 12 of the Amended Complaint, Defendant admits only that venue appears to be proper in Ramsey County as to Soldi Inc.

## FACTS

### A.  TALLBEAR'S EMPLOYMENT WITH LA GROLLA

13.      Defendant denies the allegations in paragraph 13 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

14.      Defendant denies the allegations in paragraph 14 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

15.      Defendant admits the allegations in paragraph 15 of the Amended Complaint.

16.      Defendant admits the allegations in paragraph 16 of the Amended Complaint.

2

17. Defendant admits only that Plaintiff received an hourly wage equal to or in excess of the applicable minimum wage, plus patrons' gratuities. Defendant denies the remaining allegations in paragraph 17 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

18. Defendant denies the allegations in paragraph 18 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

19. Defendant denies the allegations in paragraph 19 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

20. Defendant denies the allegations in paragraph 20 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

21. Defendant denies the allegations in paragraph 21 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

22. Defendant denies the allegations in paragraph 22 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

23. Defendant denies the allegations in paragraph 23 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

24. Defendant admits the allegations in paragraph 24 of the Amended Complaint, but states that any under payment was due to an error and was promptly rectified by issuance of an additional payment to Plaintiff in a check she has received but has not deposited or otherwise negotiated.

25. Defendant denies the allegations in paragraph 25 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

26. Defendant admits the allegations in paragraph 26 of the Amended Complaint.

27.     Defendant denies the allegations in paragraph 27 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

28.     Defendant denies the allegations in paragraph 28 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

29.     Defendant admits the allegations in paragraph 29 of the Amended Complaint and states, further, that the alleged underpayment was promptly corrected, and a check was tendered to Plaintiff, who has refused to negotiate the check.

30.     Defendant admits the allegations in paragraph 30 of the Amended Complaint and states, further, that the alleged underpayment was promptly corrected, and a check was tendered to Plaintiff, who has refused to negotiate the check.

### B. TALLBEAR'S REPORT AND LA GROLLA'S SUBSEQUENT DISCRIMINATORY AND RETALIATORY TREATMENT

31.     Defendant denies the allegations in paragraph 31 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

32.     Defendant denies the allegations in paragraph 32, and each of its sub-parts, of the Amended Complaint and puts Plaintiff to the strict proof thereof.

33.     Defendant denies the allegations in paragraph 33 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

34.     Defendant denies the allegations in paragraph 34 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

35.     Defendant denies the allegations in paragraph 35 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

36.     Defendant admits that Plaintiff continued to interact with patrons, albeit inappropriately. Defendant denies the remaining allegations or implications thereof in paragraph 36 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

37.     Defendant denies the allegations in paragraph 37 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

38.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 38 of the Amended Complaint and, accordingly, denies the same.

39.     Defendant denies the allegations in paragraph 39 of the Amended Complaint, which in part contain inadmissible hearsay, and puts Plaintiff to the strict proof thereof.

40.     Upon information and belief, Defendant admits the allegations in paragraph 40 of the Amended Complaint.

41.     Defendant acknowledges receipt of a letter from Plaintiff's counsel outlining wage violations, states the allegation is irrelevant, and denies the remaining allegations in paragraph 41 of the Amended Complaint.

42.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 42 of the Amended Complaint and, accordingly, denies the same.

43.     Defendant admits the allegation in paragraph 43 of the Amended Complaint, but states the allegation is irrelevant.

44.     Defendant denies the allegations in paragraph 44 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

45.     Defendant denies the allegations in paragraph 45 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

46.     Defendant denies the allegations in paragraph 46 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

47.     Defendant denies the allegations in paragraph 47 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

48.     Defendant denies the allegations in paragraph 48 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

49.     Defendant admits that certain assets of Soldi Inc. were sold to an unrelated third party in a bona fide, arms-length transactions.

## COUNT I

### RETALIATION IN VIOLATION OF THE MINNESOTA WHISTLEBLOWER ACT (AGAINST SOLDI AND Z&H DEFENDANTS)

Here, Plaintiff re-alleges paragraphs 1-47 [sic] of the Amended Complaint. This paragraph does not require a response. However, to the extent a response is required, Defendant repeats its previous responses as to paragraphs 1-47.

50.     Defendant denies the allegations in paragraph 50 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

51.     Defendant denies the allegations in paragraph 51 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

52.     Defendant denies the allegations in paragraph 52 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

53.     Defendant denies the allegations in paragraph 53 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

54.     Defendant denies the allegations in paragraph 54 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

55.     Defendant denies the allegations in paragraph 55 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

## COUNT II

### FAILURE TO PAY WAGES IN VIOLATION OF
### MINN. STAT. § 181.01, *ET SEQ.* (AGAINST SOLDI AND Z&H DEFENDANTS)

Here, Plaintiff re-alleges paragraphs 1-47 [sic] of the Amended Complaint. This paragraph does not require a response. However, to the extent a response is required, Defendant repeats its previous responses as to paragraphs 1-47.

56.     Defendant denies the allegations in paragraph 56 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

57.     Defendant denies the allegations in paragraph 57 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

58.     Defendant denies the allegations in paragraph 58 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

59.     Defendant denies the allegations in paragraph 59 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

60.     Defendant denies the allegations in paragraph 60 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

## COUNT III

### RACE DISCRIMINATION IN VIOLATION OF
### MINN. STAT. § 363A.01, *ET SEQ.* (AGAINST SOLDI AND Z&H DEFENDANTS)

Here, Plaintiff re-alleges paragraphs 1-47 [sic] of the Amended Complaint. This paragraph does not require a response. However, to the extent a response is required, Defendant repeats its previous responses as to paragraphs 1-47.

61.     Defendant denies the allegations in paragraph 61 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

62.     Defendant denies the allegations in paragraph 62 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

63.     Defendant denies the allegations in paragraph 63 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

64.     Defendant denies the allegations in paragraph 64 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

65.     Defendant denies the allegations in paragraph 65 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

66.     Defendant denies the allegations in paragraph 66 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

## COUNT IV

### REPRISAL IN VIOLATION OF
### MINN. STAT. § 363A.15 (AGAINST ALL DEFENDANTS)

Here, Plaintiff re-alleges paragraphs 1-47 [sic] of the Amended Complaint. This paragraph does not require a response. However, to the extent a response is required, Defendant repeats its previous responses as to paragraphs 1-47.

67.     Defendant denies the allegations in paragraph 67 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

68.     Defendant denies the allegations in paragraph 68 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

69.     Defendant denies the allegations in paragraph 69 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

70.     Defendant denies the allegations in paragraph 70 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

71.     Defendant denies the allegations in paragraph 71 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

## COUNT V

## VIOLATION OF THE MINNESOTA UNIFORM VOIDABLE TRANSACTOINS ACT, MINN. STAT. § 513.41, *ET SEQ.* (AGAINST ALL DEFENDANTS)

Here, Plaintiff re-alleges paragraphs 1-47 [sic] of the Amended Complaint. This paragraph does not require a response. However, to the extent a response is required, Defendant repeats its previous responses as to paragraphs 1-47.

72.     Defendant denies the allegations in paragraph 72 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

73.     Defendant denies the allegations in paragraph 73 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

74.     Defendant denies the allegations in paragraph 74 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

75.     Defendant denies the allegations in paragraph 75 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

76.     Defendant denies the allegations in paragraph 76 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

77.     Defendant denies the allegations in paragraph 77 of the Amended Complaint and puts Plaintiff to the strict proof thereof.

## **ALLEGED PRAYER FOR RELIEF**

Defendants deny the allegations and Plaintiff's entitlement to any of the relief set forth in the Wherefore clauses in the Amended Complaint.

## **AFFIRMATIVE AND OTHER DEFENSES**

1.      Service of process was insufficient and was not made in accordance with Rule 4 of the Federal Rules of Civil Procedure or the laws of the state of Minnesota.

2.      This purported action has not been commenced in accordance with Rule 3 of the Federal Rules of Civil Procedure or in compliance with the laws of the state of Minnesota.

3.      Plaintiff has failed to state a claim or claims upon which relief can be granted.

4.      The Amended Complaint fails, in whole or in part, due to accord and satisfaction or novation.

5.      Any allegation not specifically admitted previously in this Answer is now denied.

6.      Plaintiff's Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted. Further, Plaintiff's Amended Complaint fails to state facts sufficient to state a claim that would support an award of actual, compensatory, exemplary, punitive, or other damages against Defendant.

7.      Plaintiff's Amended Complaint fails, in whole or in part, because of the applicable statute of limitations.

8.      Plaintiff's claim is barred by the doctrines of waiver, estoppel, and unclean hands.

9.      All actions by Defendant with respect to Plaintiff were made with justification, were in good faith compliance with all applicable law, regulation, and/or agency guidance and were done without any intent to injure or harm Plaintiff.

10.      Plaintiff's claims for penalties under section 181.14 of Minnesota Statutes fails because the Defendant properly determined in good faith that it had paid to Plaintiff all

commissions or other compensation to which she was rightfully entitled through her final day of employment. Further, Plaintiff's method of calculation of the penalties she claims is incorrect under the statute.

11.     Defendant alleges that it paid or tendered to Plaintiff a payment in full for her services during the period of her employment, including all wages, gratuities, and other compensation.

12.     As a separate and alternative affirmative defense to Plaintiff's Amended Complaint, Defendant alleges that the claims contained in the Amended Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8 of the Federal Rules of Civil Procedure.  The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses, not specifically set out above, cannot be determined until Defendant has had an opportunity to complete discovery, and Defendant therefore incorporates all such affirmative defenses as fully set forth therein.

13.     Plaintiff failed to make a "report" within the meaning of Minn. Stat. § 181.932.

14.     Plaintiff did not have a reasonable belief that any report that she may have made within the meaning of Minn. Stat. § 181.932 alleged a violation of existing law.

15.     Even if Plaintiff made a report within the meaning of Minn. Stat. § 181.932 and if such report was made with a reasonable belief of a violation of existing law, such claim is barred because such existing law provides the exclusive remedy for a violation thereof.

16.     Defendant alleges that it is without sufficient knowledge or information upon which to form a belief regarding Plaintiff's alleged damages; therefore, Defendant puts Plaintiff to the strict proof of same.

17.     Plaintiff has failed to mitigate her claimed damages.

18.     Defendant alleges that Plaintiff has failed to plead her alleged special damages with specificity as required by Rule 9 of the Federal Rules of Civil Procedure.

19.     Defendant acted in good faith and tendered to Plaintiff all wages that were due to her in accordance with the agreement of the parties and, therefore, complied with the provisions of the Minnesota Wage Payment statute, Minn. Stat. §§ 181.13 and 181.14.

20.     Defendant reserves the right to assert additional affirmative defenses as may appear appropriate in light of discovery or subsequent events.

**WHEREFORE**, having responded to the allegations in Plaintiff's Amended Complaint, Defendant Soldi Inc. hereby requests that the Court enter an Order:

A.     Dismissing the Amended Complaint in its entirety, with prejudice, and awarding Defendant its costs and expenses, including reasonable attorney's fees, as set forth under the law; and

B.     Awarding Defendant such other relief as the Court deems just and proper.

Dated:  October 11, 2019                          Respectfully submitted,

                                                 OGLETREE, DEAKINS, NASH, SMOAK &
                                                 STEWART, P. C.

                                                 *s/ Bruce J. Douglas*
                                                 Bruce J. Douglas, MN #023966
                                                 Capella Tower
                                                 225 South Sixth Street, Suite 1800
                                                 Minneapolis, MN  55402
                                                 Telephone:  612-339-1818
                                                 Facsimile:  612-339-0061
                                                 bruce.douglas@ogletree.com

                                                 **Attorneys for Defendant
                                                 Soldi Inc.**

## **ACKNOWLEDGEMENT**

The parties hereby acknowledge that sanctions may be imposed for a violation of Minn. Stat. § 549.211, subd. 2 pursuant to Minn. Stat. § 549.211, subd. 3.

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P. C.


*s/ Bruce J. Douglas*
Bruce J. Douglas

40313867.1

13

STATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

SECOND JUDICIAL DISTRICT
CASE TYPE: EMPLOYMENT

---

Susan TallBear,

        Plaintiff,

  v.

Soldi Inc., Z&H Hospitality L.L.C., and
Antonio Tettamanzi,

        Defendants.

Court File No. _____

**ANSWER OF DEFENDANT
Z&H HOSPITALITY L.L.C.**

---

Defendant Z&H Hospitality, L.L.C. ("Defendant" or "Z&H") answers the Complaint of

Plaintiff Susan TallBear as follows:

## GENERAL DENIAL

Except as hereinafter expressly admitted, Defendant denies each and every allegation and

legal conclusion in the Complaint. Further, to the extent Defendant states herein that any of the

allegations in the Complaint do not require a response, state a legal conclusion, speak for

themselves, or some other similar qualification, but an admission or denial is required, Defendant

denies all such allegations in the Complaint.

## PARTIES

1.     Upon information and belief, Defendant admits the allegations in paragraph 1.

2.     Upon information and belief, Defendant admits the allegations in paragraph 2.

3.     Upon information and belief, Defendant admits the allegations in paragraph 3.

4.     Defendant admits the allegations in paragraph 4.

5.     Defendant admits the allegations in paragraph 5.

6.      Defendant denies the allegations in the first sentence of paragraph 1. Defendant is without knowledge sufficient to form a belief regarding what Plaintiff is aware of regarding the alleged sale.

7.      Paragraph 7 contains a definition of terms to which no response is required.

8.      Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 8.

9.      Paragraph 9 contains legal conclusions to which no response is required

## JURISDICTION AND VENUE

10.     Paragraph 10 is a summary statement to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 10.

11.     Paragraph 11 contains a legal conclusion to which  no response is required.

12.     Paragraph 12 contains a legal conclusion to which no response is required.

## FACTS

13.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 13.

14.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 14.

15.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 15.

16.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 16.

17.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 17.

18.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 18.

19.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 19.

20.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 20.

21.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 21.

22.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 22.

23.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 23.

24.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 24.

25.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 25.

26.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 26.

27.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 27.

28.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 28.

29.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 29.

30.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 30.

31.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 31.

32.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 32.

33.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 33.

34.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 34.

35.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 35.

36.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 36.

37.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 37.

38.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 38.

39.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 39.

40.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 40.

41.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 41.

42.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 42.

43.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 43.

44.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 44.

45.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 45.

46.     Defendant denies the allegations in paragraph 46.

47.     Defendants denies the allegations in paragraph 47.

48.     Defendant denies the allegations in paragraph 48.

49.     Defendant denies the allegations in paragraph 49.

## COUNT I

## RETALIATION IN VIOLATION OF THE MINNESOTA WHISTLEBLOWER ACT

Defendant restates and realleges paragraphs 1 through 49.

50.     Paragraph 50 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 50 as to Z&H.

51.     Paragraph 51 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 51 as to Z&H.

52.     Paragraph 52 contains legal conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 52.

53.     Paragraph 53 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 53 as to Z&H.

54.     Paragraph 54 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 54 as to Z&H.

55.     Paragraph 55 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 55.

## COUNT II

### FAILURE TO PAY WAGES IN VIOLATION OF MINN. STAT. § 181.01, *ET SEQ.*

56.     Defendant restates and realleges paragraphs 1 through 55.

57.     Paragraph 57 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 57 as to Z&H.

58.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 58.

59.     Paragraph 59 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 59 as to Z&H.

60.     Paragraph 60 contains a legal conclusion to which no response is required.

## COUNT III

### RACE DISCRIMINATION IN VIOLATION OF MINN. STAT § 363A.01, ET SEQ.

Defendant restates and realleges paragraphs 1 through 60.

61.     Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 61 as to Z&H.

62.     Paragraph 62 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 62 as to Z&H.

63.     Paragraph 63 contains legal conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 63.

64.     Paragraph 64 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 64 as to Z&H.

65.     Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 65 as to Z&H.

66.     Paragraph 66 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 66.

## COUNT IV

### REPRISAL IN VIOLATION OF MINN. STAT. § 363A.15

Defendant restates and realleges paragraphs 1 through 66.

67.     The statute referenced speaks for itself.

68.     Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 68. To the extent a response is required, Defendant denies the allegations in paragraph 68 as to Z&H.

69.     Paragraph 69 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 69.

70.     Paragraph 70 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 69 as to Z&H.

71.     Paragraph 71 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 71.

## COUNT V

### VIOLATION OF THE MINNESOTA UNIFORM VOIDABLE TRANSACTIONS ACT, MINN. STAT. § 513.41, ET SEQ.

Defendant restates and realleges paragraphs 1 through 71.

72.     Paragraph 72 contains legal conclusions to which no response is required.

73.     Paragraph 73 contains legal conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge sufficient to form a belief as to the allegations in Paragraph 73.

74.     Paragraph 74 contains legal conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge sufficient to form a belief as to the allegations in Paragraph 74.

75.     Defendant is without knowledge sufficient to form a belief as to the allegation in paragraph 75.

76.     Paragraph 76 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 76.

77.     Paragraph 77 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 77.

12116425v1

8

## AFFIRMATIVE DEFENSES

78.    The Complaint fails to state a claim upon which relief can be granted.

79.    Plaintiff has failed to plead her fraud claim with particularity.

80.    Plaintiff has failed to mitigate her damages, if she has sustained any.

81.    Plaintiff's claims may be barred by the applicable statute of limitations.

82.    Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches, untimeliness, and unclean hands.

83.    Z&H Hospitality L.L.C. is not a proper defendant because it never employed Plaintiff and does not own the La Grolla restaurant.

84.    Plaintiff's damages, if any, were caused or contributed to by her own actions or inactions over which Z&H had no control.

85.    The damages that Plaintiff claims to have suffered were caused or made worse by an intervening or superseding cause.

86.    As a separate and alternative defense to Plaintiff's Complaint, Z&H alleges that the claims contained in the Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8.03 of the Minnesota Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses not specifically set out above cannot be determined until Z&H has the opportunity to complete discovery. Z&H therefore incorporates all affirmative defenses as fully set forth therein and reserves the right to amend this Answer.

**WHEREFORE,** Defendant respectfully requests that the Court:

1.    Dismiss Plaintiff's Complaint with prejudice;

2.    Award Defendant its costs, disbursements, and attorney's fees; and

3.    Award Defendant any other and further relief as the Court deems just and appropriate.


Dated: October 17, 2019                    **BRIGGS AND MORGAN, P.A.**

                                            By: _Erin Conlin_____
                                                Britt M. Gilbertson (#034977X)
                                                Justin P. Weinberg (#0313798)
                                                Erin S. Conlin (#0400036)
                                            2200 IDS Center
                                            80 South Eighth Street
                                            Minneapolis, MN 55402-2157
                                            Telephone:  (612) 977-8400
                                            Fax:        (612) 977-8650
                                            Email:      bgilbertson@briggs.com
                                                        jweinberg@briggs.com
                                                        econlin@briggs.com

12116425v1