UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Susan TallBear,<br><br>       Plaintiff,<br><br>v.<br><br>Soldi Inc., Z&H Hospitality L.L.C., and Antonio Tettamanzi,<br><br>       Defendants. | Case No. 19-CV-2789 (SRN/TNL)<br><br>**MEMORANDUM OPINION AND ORDER** |

Amy E. Boyle and Colin J. Pasterski, Halunen Law, 80 South 8th Street, Minneapolis, MN, 55402, for Plaintiff.

Bruce J. Douglas and Molly E. Nephew, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 225 South 6th Street, Minneapolis, MN, 55402, for Defendant Soldi Inc.;

Britt M. Gilbertson, Justin P. Weinberg, and Samuel N. Louwagie, Taft Stettinius & Hollister LLP, 80 South 8th Street, Minneapolis, MN 55402; Erin S. Conlin, Nilan Johnson Lewis PA, 250 Marquette Avenue South, Minneapolis, MN 55401, for Defendant Z&H Hospitality L.L.C.

SUSAN RICHARD NELSON, United States District Judge

## I.    INTRODUCTION

Before the Court is Plaintiff Susan TallBear's Motion to Remand to State Court ((("Motion to Remand") [Doc. No. 11]), brought pursuant to 28 U.S.C. § 1447(c). Defendants oppose the motion, arguing this action was properly removed to federal court because Plaintiff's Amended Complaint raises claims "arising under" federal law, namely, the Fair Labor Standards Act of 1938 ("FLSA").

At oral argument on the present motion, Plaintiff moved to voluntarily dismiss the claims in the Amended Complaint that Defendants have asserted, at the time of removal, raise a substantial issue of federal law under the FLSA. Thus, the Court addresses whether a remand is warranted under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction, or alternatively, under the Court's exercise of its discretion under 28 U.S.C § 1367(c)(3). For the reasons set forth below, the Court exercises its discretion under 28 U.S.C § 1367(c)(3) and remands this case to Ramsey County District Court.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  The Amended Complaint

The facts relevant to the Court's disposition of this motion may be briefly stated. On September 25, 2019, Plaintiff Susan TallBear commenced a state-court action when she delivered to the Minnesota Secretary of State a five-count amended complaint ("Amended Complaint") against Defendants, her former employer.[1] TallBear's Amended Complaint asserts five state-law statutory claims of discrimination, fraudulent conveyance, retaliation, and failure to pay wages. (Compl. [Doc. No. 1-1] ("Compl") ¶¶ 50-77.) At

---

[1] The Court notes that it appears the summons and amended complaint have not been filed in a state court. (Notice of Removal [Doc. No. 1] at ¶ 1.) Nonetheless, "Minnesota law is unusual in that a plaintiff may commence an action by serving the complaint rather than filing it with the Court." *Lyon Fin. Servs., Inc. v. Greater Calvary Bible Church*, No. 09-cv-3734 (PJS/AJB), 2010 WL 1389611, at *2 (D. Minn. Mar. 31, 2010) (quoting *Duchene v. Premiere Bank Metro South*, 870 F. Supp. 273, 274 (D. Minn. 1994)). Under 28 U.S.C. § 1446, a Minnesota state action that has been commenced through service—but not yet filed—can be removed. *Id.* (rejecting argument that removal is improper if plaintiff served but did not file state complaint, noting that "§ 1446(a) requires that a removing defendant file with its notice of removal a copy of all process, pleadings, and orders that have been '*served*' upon such defendant'; it says nothing about filing.") (emphasis in original).

issue in this present motion are two counts asserted in TallBear's Amended Complaint: (1) a retaliation claim under the Minnesota Whistleblower Act ("MWA") (Count I of the Amended Complaint), and (2) a claim for unpaid wages under the Minnesota Wage Payment Statute (Count II of the Amended Complaint).[2] (*Id.* ¶¶ 50-60.)

Although there is no count expressly identified as a cause of action under the FLSA, her Amended Complaint does in fact allege violations of the FLSA. For instance, the Amended Complaint includes the following allegations:

> 18. However, when TallBear worked more than 40 hours per week she did not receive overtime wages at 1.5 times her regular rate of pay . . .in violation of the Fair Labor Standard Act's ("FLSA") overtime requirement. *See* 29 U.S.C. § 207.
>
> 19. For example, on August 10, 2018, TallBear was issued a paycheck for a two-week pay period during which she worked 84.1 hours from July 16, 2018 to July 29, 2018. Despite working over 40 hours in a workweek, La Grolla failed to pay TallBear of overtime.

(*Id.* ¶¶ 18-19; *see also id.* ¶¶ 24, 30.) Among the various forms of relief she seeks are "liquidated damages . . . where permitted by statute." None of the relevant state statutory provisions cited in the Amended Complaint explicitly allow for the recovery of liquidated damages. *See* Minn. Stat. §181.13 (remedies allowed for violation of the Minnesota Wage Payment Statute do not specifically include liquidated damages); Minn. Stat. §181.935 (same as for the MWA). The FLSA, on the other hand, awards liquidated damages for unpaid back wages. 29 U.S.C. § 216 (b).

---

[2] As noted, the remaining three counts allege two violations of the Minnesota Human Rights Act (Minn. Stat. § 363A.01 *et seq.*) and a fraudulent conveyance under the Minnesota Uniform Voidable Transactions Act (Minn. Stat. § 513.41 *et seq.*).

B.      **Removal and Motion to Remand**

After Defendants Soldi Inc. ("Soldi") and Z&H Hospitality L.L.C. ("Z&H") (collectively, "Defendants")[3] were served with the Amended Complaint, they timely, and jointly, sought to remove the Amended Complaint to this Court on October 25, 2019, on federal question jurisdiction grounds with respect to the allegations of violations of the FLSA, *see* 28 U.S.C. § 1331, and on "supplemental jurisdiction" grounds with respect to the state-law claims, *see* 28 U.S.C. § 1367 (a).[4] (Notice of Removal [Doc. No. 1].) Plaintiff then promptly moved to remand, arguing that none of the claims in the Amended Complaint arise under federal law. (*See* Pl.'s Mem. in Supp. of Mot. to Remand [Doc. No. 15] ("Pl.'s Mem.") at 5-10.) Plaintiff contends that her references to the FLSA merely set up the predicate for her MWA claim, but the claims do not present a substantial federal question. (*Id*. at 7-9.)

In response, Defendants contend that Plaintiff "expressly alleges" a claim under the FLSA and cannot artfully plead her way out of federal jurisdiction. (*See* Defs.' Mem in Opp. to Pl.'s Mot. to Remand [Doc. No. 19] ("Defs.' Opp'n") at 7-12.) Alternatively, Defendants argue that Plaintiff's unpaid wage claim under Minnesota law is specifically grounded on the FLSA and therefore, supports federal subject matter jurisdiction. (*Id*. at

---

[3]    It is undisputed that Antonio Tettamanzi is not a party yet to this action because he has not been properly served with the Amended Complaint. (Pl.'s Mem. at 4) ("To date, [Plaintiff's] attempts to serve Tettamanzi remain unsuccessful."); (Defs.' Opp'n at 5 n. 3) ("Mr. Tettamanzi is not before this Court as a party defendant.").)

[4]    Given that Plaintiff TallBear and Defendants Soldi and Z&H are both Minnesota citizens, Defendants could not base removal of the state law claims on diversity jurisdiction. *See* 28 U.S.C. § 1332.

8.) Without the FLSA, Defendants contend there is no viable claim for unpaid overtime. (*Id.*)

At oral argument on the present motion, to avoid any issue as to whether her overtime claims arise under federal law, Plaintiff orally moved to dismiss her FLSA claim and her unpaid wages claim under Minnesota law with prejudice.[5] (Feb. 6, 2020 Hr'g Tr. [Doc. No. 28] at 13-14; *see also* Pl.'s Reply [Doc. No. 23] at 8-9 ( "Plaintiff previously brought a claim for unpaid wages, [but] she has voluntarily dismissed that claim."); Pl.'s Suppl. Mem. in Supp. of Mot. to Remand ("Pl.'s Suppl. Mem.") [Doc. No. 34] at 3 (noting further that "[r]egardless of the timing of when Plaintiff's claim for failure to pay wages in violation of Minn. Stat. § 181.01, *et seq.*, is formally removed from the pleadings, there is no federal question jurisdiction because that claim was voluntarily dismissed.").) Defendants, however, urge the Court not to consider Plaintiff's subsequent motion to dismiss these claims, arguing that jurisdiction must be determined at the time of removal. (*See* Defs.' Suppl. Mem in Opp. to Pl.'s Mot. to Remand [Doc. No. 32] ("Defs.' Suppl. Opp'n") at 3-10.)

---

[5] The Court ordered supplemental briefing addressing the impact of Plaintiff's voluntary dismissal of her FLSA claim and the parties filed briefing debating this proposition. [Doc. Nos. 32, 34, 36.]

### III. DISCUSSION

#### A. Mandatory Remand Under 28 U.S.C. § 1447(c)

##### 1. The Law

Under 28 U.S.C. § 1447(c), remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims. *Junk v. Terminx Intern. Co*., 628 F.3d 439, 444-45 (8th Cir. 2010) (finding that "[i]f the district court concludes that it does not have subject matter jurisdiction, it must remand the case.") (citations omitted)). The burden of establishing federal jurisdiction by a preponderance of the evidence falls on the party who is attempting to invoke the jurisdiction of the federal court. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc*., 561 F.3d 904, 912 (8th Cir. 2009) (citation omitted). Courts should strictly construe the requirements of removal jurisdiction and remand all cases in which such jurisdiction is doubtful. *Id*. (citation omitted); *see also Arnold Crossroads, L.L.C. v. Gander Mountain Co*., 751 F.3d 935, 940 (8th Cir. 2014) (citation omitted); *Nichols v. Harbor Venture, Inc*., 284 F.3d 857, 861 (8th Cir. 2002) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). "A defendant may remove a state claim to federal court only if the action originally could have been filed there." *Baker v. Martin Marietta Materials, Inc*., 745 F.3d 919, 923 (8th Cir. 2014) (citation and internal quotation marks omitted).

###### a. Jurisdiction Depends Upon Whether a Well-Pleaded Complaint Presents a Federal Question at the Time of Removal

"[F]ederal question jurisdiction extends only to 'civil actions arising under the Constitution, laws, or treaties of the United States.'" *Mamot Feed Lot and Trucking v.*

*Hobson*, 539 F.3d 898, 902 (8th Cir. 2008) (quoting 28 U.S.C. § 1331). "Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.,* 559 F.3d 772, 779 (8th Cir. 2009) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)); *see also Baker*, 745 F.3d at 923.

Courts must determine jurisdiction "at the time of removal, even though subsequent events may remove from the case the facts on which jurisdiction was predicated." *McLain v. Andersen Corp.*, 567 F.3d 956, 965 (8th Cir. 2009) (quoting *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1248 (8th Cir. 2006)); *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011); *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (emphasizing "[i]t is axiomatic that the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal"); *Mueller v. RadioShack Corp.*, No. 11-cv-0653 (PJS/JJG), 2011 WL 6826421, at *1, n. 2 (D. Minn. Dec. 28, 2011) (denying remand and noting the "jurisdiction inquiry focuses on the claims made *at the time of removal*") (citing *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 834 (8th Cir. 2005) (emphasis in original)).

### b.   Federal-Question Jurisdiction

To determine whether a "well-pleaded complaint" establishes federal-question jurisdiction, courts must consider whether (1) "federal law creates the cause of action" or (2) "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *General Mills, Inc. v. Retrobands USA, LLC*, No. 19-cv-258 (NEB/DTS),

7

2019 WL 1578689, at * 2 (D. Minn. April 12, 2019) (citing *Franchise Tax Bd. of State of Cal. V. Constr. Laborers Vacation Tr. For S. California*, 463 U.S. 1, 27–28 (1983)). "[T]he vast bulk of suits that arise under federal law" assert a claim (or claims) created by federal law. *Gunn v. Minton*, 568 U.S. 251, 257, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013) (citation omitted).

However, "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005) (citation omitted). "There is no 'single, precise, all-embracing test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties.'" *Cent. Iowa Power Coop.*, 561 F.3d at 912 (quoting *Grable*, 545 U.S. at 314).) "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. Stated differently, "a state-created claim may arise under federal law for purposes of § 1331 'if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Martinson v. Mahube-Otwa Cmty. Action P'ship, Inc.*, 371 F. Supp. 3d 568, 574 (D. Minn. 2019) (quoting *Gunn*, 568 U.S. at 258)). "This rule applies only to a 'special and small category' of cases that present 'a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous . . . cases.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 331 (8th Cir. 2016)

(alteration in original) (quoting *Empire Healthchoice Assur., Inc., v. McVeigh*, 547 U.S., 699–700, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006)).

### 2. Analysis

The parties dispute whether, at the time of removal, a basis for federal subject matter jurisdiction appears on the face of the Amended Complaint. Plaintiff argues that references to the FLSA merely serve as a "backdrop" to her retaliation claim under the MWA, which does "not present a substantial federal question." (Pl.'s Mem. at 6-7.) But, "[r]emoval does not turn on the subjective intentions of the [P]laintiff." *Abdel-Ghani v. Target Corp.*, Nos. 14-cv-3644, 14-cv-4136 (PJS/JJK), 2015 WL 1292568, at *1 (D. Minn. March 23, 2015) (citing *Benefiel v. Exxon Corp.,* 959 F.2d 805, 807 (9th Cir. 1992) ("Although plaintiffs now deny any intention to pursue a claim pursuant to [federal law], the complaint itself, reasonably read, sets forth such a claim and the defendants were entitled to remove.").) Rather, whether a case can be removed to federal court depends on whether a basis for federal jurisdiction appears "on the face of the [] complaint." *Baker,* 745 F.3d at 923 (citing *Pet Quarters, Inc.*, 559 F.3d at 779)). And, the Court reviews the substance rather than the form of the Amended Complaint to determine if it sufficiently raises a federal question at the time of removal. *See Stanturf v. Sipes*, 335 F.2d 224, 229 (8th Cir. 1964) ("[A] federal question must exist not in mere form but in substance, and not in mere assertion, but in essence and effect." (internal quotation marks omitted)).

Here, at the time of removal, the Court finds that the Amended Complaint raised a substantial federal question both in regards to the unpaid wages claim under Minnesota law and claims for express overtime relief under the FLSA.

9

Although not designated as a cause of action under the FLSA, the Amended Complaint contains an express allegation that Plaintiff "worked over 40 hours a week in violation of the FLSA overtime requirement." (Compl. ¶ 18.) Other allegations similarly reference violations of the FLSA overtime requirement. (*Id*. ¶¶ 19, 24, 30.) Plaintiff also seeks liquidated damages, a remedy that is available under the FLSA, but not expressly available under the state-law provisions cited in the Amended Complaint. (*Compare* 29 U.S.C. §216(b) *with* Minn. Stat. §181.13; Minn. Stat. §181.935.) As Defendants note, "these allegations make sense only as a claim under the FLSA" since there is no common law basis for such a claim, (Defs.' Opp'n at 7), and a corresponding state law claim under the Minnesota Fair Labor Standards Act ("MFLSA") requires overtime compensation only after 48 hours in a workweek. *Id.* (citing Minn. Stat. §177.25 (2019)). Plaintiff, however, asserts nowhere in her Amended Complaint that she worked over 48 hours and was not subsequently paid overtime.

Moreover, despite Plaintiff's assertion that references to the FLSA merely set the "backdrop" for her MWA claim, the Court cannot ignore Count II of the Amended Complaint, which plainly is predicated on a theory that she is owed compensation for working in excess of 40 hours in a workweek. Under Minnesota's wage payment statute, if a party seeks unpaid overtime compensation based on a statutory provision, she must show she is entitled to such wages under the relevant statute. Minn. Stat. § 181.13. The only statute that appears to support a claim under Count II is the FLSA. TallBear would have no claim for unpaid wages, as alleged in the Amended Complaint, without the application of the FLSA.

While it is true that, under the well-pleaded complaint doctrine, TallBear is the "master of her complaint," she may not avoid federal removal jurisdiction through "artful" pleading. *Stephens v. Cowles Media Co.*, 995 F. Supp. 974, 977 (D. Minn. 1998) ("the characterization of a [f]ederal claim as a [s]tate claim will not prohibit removal") (citing *Federated Dep't. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n. 2, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (finding that courts are permitted to examine whether a plaintiff has "attempted to avoid removal jurisdiction by 'artful[ly]' casting [her] essentially federal law claims' as state law claims.")); (*see also* Pl.'s Suppl. Mem. at 7 (conceding that she sought to dismiss the unpaid wages claim under Minnesota law because it "arguably seek[s] relief based on federal law").) As such, based on a reasonable reading of the Complaint, federal-question jurisdiction appears present on the face of the Complaint, at the time of removal.

Accordingly, at the time of removal, the Court had subject matter jurisdiction over the claims asserted and remand on the basis of 28 U.S.C. § 1447(c) would therefore be improper.

### B. Plaintiff's Voluntary Dismissal of All Claims Arising Under Federal Law Subsequent to Removal

Nonetheless, subsequent to removal, Plaintiff voluntarily moved to dismiss her claim under Minnesota's wage payment statute and her claim for express relief under the FLSA with prejudice. Defendants argue that her oral motion for the dismissal of these claims should be denied because it is a manipulative tactic, "wholly forum-driven," and an effort to engage in forum shopping. (Defs.' Suppl. Opp'n at 10, 12-13.) Plaintiff, on the other hand, contends that her oral motion should be granted because the wage payment

claims are de minimis and the gravamen of her Amended Complaint relates to other uniquely state-law claims. (Feb. 6, 2020 Hr'g Tr. [Doc. No. 28] at 15-16) (Plaintiff's counsel contending that it is "important to look at the case in total . . . [this] case is also about race discrimination and about how [TallBear] was treated for being a Native American employee and the reprisal after she made a report.").)

Rule 41(a)(2) authorizes voluntary dismissals "on terms that the court considers proper" after a defendant has served an answer, which they both served here. Fed. R. Civ. P. 41(a)(2); (*See* Defs.' Answer [Doc. Nos. 4, 7].) "[A] dismissal pursuant to Rule 41(a)(2) is not one of right, but is rather a matter for the discretion of the trial court." *Great Rivers Coop. of SE Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 689 (8th Cir. 1999) (internal quotation omitted). In ruling on a Rule 41(a)(2) motion, district courts consider "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Karsjens v. Jesson*, No. 11-cv-3659 (DWF/JJK), 2015 WL 3755930, at *1 (D. Minn. June 17, 2015) (quoting *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 727 (8th Cir. 2014) (internal citations omitted).)

Here, Plaintiff's counsel convincingly explained that TallBear moved to dismiss her claims because (1) the claims are de minimis; and (2) the claims are not central to the gravamen of her Amended Complaint. (Feb. 6, 2020 Hr'g Tr. [Doc. No. 28] at 15-16.) Defendants, in contrast, do not point to any specific harm they face from the dismissal of these claims. As such, the Court finds that Plaintiff has presented a proper explanation for her desire to dismiss these claims, and a dismissal would not result in either "a waste of

judicial time and effort," or "prejudice [D]efendants." *Karsjens*, 2015 WL 3755930 at *1. Accordingly, the Court grants her oral motion to dismiss her claim under Minnesota's wage payment statute and claim for relief under the FLSA with prejudice.

### C.     Discretionary Remand under 28 U.S.C. § 1367

#### 1.     The Law

Pursuant to 28 U.S.C. § 1367, courts have the discretion to exercise supplemental jurisdiction over remaining state-law claims even after "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In *Carnegie-Mellon v. Cohill*, the Supreme Court found remand appropriate in cases "where the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain." 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

In determining whether to exercise supplemental jurisdiction over state-law claims when federal claims have been dismissed, courts analyze the following factors: judicial economy, convenience, fairness, and comity. *Cohill*, 484 U.S. at 357. The Eighth Circuit has admonished, however, that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine will point toward "declining to exercise jurisdiction" over the remaining state-law claims. *Marianist Province of the U.S. v. City of Kirkwood*, 944 F.3d 996, 1003 (8th Cir. 2019) (citing *Grain Land Coop v. Kar Kim Farms, Inc.*, 199 F.3d 983, 993 (8th Cir. 1999)); *Barstad v. Murray Cty.*, 420 F.3d 880, 888 (8th Cir. 2005); *Johnson v. City of Shorewood*, 360 F.3d 810, 819 (8th Cir. 2004). The general rule is that a federal district court should only continue exercising supplemental jurisdiction over a non-diverse

state law suit if a "substantial amount of time and judicial resources" have been "expended" on a case. *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1141 (8th Cir. 2014) (citations omitted).

Moreover, the Eighth Circuit has recognized that when courts dismiss federal claims upon which removal was premised, the statute governing the court's jurisdiction over remaining state-law claims is 28 U.S.C § 1367(c), rather than 28 U.S.C § 1447(c) and, as a consequence, the court "maintains discretion to either remand the state law claims or keep them in federal court." *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002) (citing *Cohill*, 484 U.S. at 357)); *see also Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 542 (8th Cir. 1996) (finding that the "district court never lacked subject matter jurisdiction" when it remanded a case under § 1367(c) after determining albeit, erroneously, that no federal claims remained). In *Lindsey,* for instance, the Eighth Circuit affirmed the district court's exercise to remand a removed case under § 1367(c) when the federal claim was dismissed. 306 F.3d at 600. Likewise, in *In re Prairie Island Dakota Sioux*, 21 F.3d 302 (8th Cir. 1994) (per curiam), the Eighth Circuit found that the district court correctly exercised its discretion under § 1367(c) to remand a removed case when the amended complaint deleted all claims arising under federal law. *Id*. at 305.

    **2.**         **Analysis**

In analyzing the relevant factors in determining whether to retain jurisdiction—judicial economy, convenience, fairness, and comity—Defendants claim that the "comity factor" specifically "weighs in favor of retaining the case." (Defs.' Suppl. Opp'n at 9.) To advance this position, Defendants argue that "a court will still have to review" Plaintiff's

14

allegations of a "perceived or actual violation of the FLSA," which is an element of Plaintiff's state-law claim under the MWA. (*Id.* at 9-10.) The MWA prohibits employers from discharging or otherwise retaliating against an employee for making a "good faith" report of a violation or suspected violation of federal or state law. Minn Stat. § 181.932. Plaintiff alleges that she was retaliated against and ultimately terminated for reporting, *inter alia*, FLSA violations of unpaid overtime compensation. (Compl. ¶¶ 50-55.) As a result, Defendants contend that, in order to determine whether she made a "good faith" report of these violations, a court will have to apply the FLSA. By contrast, Plaintiff asserts that "whether Soldi actually violated the FLA is not dispositive of TallBear's MWA claim. (Pl.'s Mem. at 8) (citing *Benner v. St. Paul Public Schools, I.S.D. #625*, 380 F. Supp. 3d 869, 904 (D. Minn. 2019) (finding that an employee need not show that the conduct described in their report "was actually unlawful," "only that" they acted in "good faith" in reporting the violation).) [6]

After a careful review of the pleadings, the Court is not persuaded that considerations of comity compel this Court to retain jurisdiction over this Complaint. Plaintiff's MWA claim is a state-law claim. Defendants do not assert that this claim raises

---

[6]   Defendants also appear to argue that the MWA claim independently raises a substantial issue of federal law, resulting in federal subject matter jurisdiction. The Court disagrees with Defendants and finds *Martinson v. Mahube-Otwa Cmty. Action P'ship, Inc.*, instructive. 371 F. Supp. 3d 568 (D. Minn. 2019). In *Martinson*, Judge Tostrud remanded an action brought solely under the MWA. That case also centered on an employee's allegation of an unlawful termination for reporting, in "good faith," an employer's violations of certain federal regulations. *Id.* at 570. The *Martinson* court ruled that the MWA claim did not present a substantial federal question because the task of reviewing the federal regulation was just one step in the adjudication of a fact-specific claim that did not present a legal issue. *Id.* at 575.

unsettled issues under the FLSA that would require this Court to interpret provisions of the FLSA. Rather, as Plaintiff notes, the federal issue presented appears to be a fact-specific question under the well-settled law of the FLSA regarding the payment of wages. And, any finding is limited to TallBear's "good faith" belief that Defendant Soldi violated the law. *Benner,* 380 F. Supp. 3d at 904.

Regarding the remaining factors in determining whether to retain jurisdiction, Defendants concede that these factors "balance neutrally." (Defs.' Suppl. Opp'n at 8.) Moreover, Plaintiff has a clear interest in having this state-law matter resolved in state court.

Finally, the Court has invested minimal time and resources into this case and remand will not prove disruptive because the parties have not yet conducted discovery. Without any other compelling reason to suggest that this suit needs to be litigated here rather than state court, the Court will follow the rule articulated by the Eighth Circuit in *Barstad.* 420 F.3d at 888 (finding that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors. . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Accordingly, the Court exercises its discretion in remanding this action under § 1367(c)(3).

## IV. ORDER

Based on the forgoing, and all files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's oral motion to dismiss her claim under the Minnesota Wage Payment statute, Minn. Stat. §§ 181.13-.14, and her claim for express relief under the FLSA with prejudice is **GRANTED** pursuant to Fed. R. Civ. P. 41(a)(2);

2. Plaintiff's Motion to Remand [Doc. No. 11] is **GRANTED** pursuant to 28 U.S.C. § 1367(c)(3); and

3. The Clerk of Court is **DIRECTED** to furnish a certified copy of this Order to the clerk of Ramsey County District Court.

Dated:   May 14, 2020                         s/Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States District Judge